IN THE MATTER OF THE APPOINTMENT OF A RECEIVER, ETC., OF THE LATE DODGE & STEVENSON MANUFACTURING COMPANY. ETC.

*Judge — relationship of, to parties — when his order will be set aside because of.*

After a corporation has been dissolved, any order relating thereto made by a judge who is related to a stockholder of the company within the ninth degree, is not absolutely void, but is voidable; the relationship being conceded, the court is bound, on such objection being taken by a stockholder, to set the order aside.

It is not necessary that the person to whom the judge is related should be technically a party to the action.

APPEAL from an order refusing to set aside the appointment of a receiver, and an order directing him to make an assessment upon the stockholders of a corporation.

*George F. Danforth,* for the appellant. The judge was, by reason of affinity with the stockholders, disqualified from sitting as a judge in the case in which the order was made. (R. S., vol. 2, p. 275, § 2; Graham & Waterman on New Trials, vol. 2, p. 228; *Paddock* v. *Wells,* 2 Bar. Ch. Reports, p. 331; *People* v. *Thompson,* 41 N. Y., p. 5; *The People* v. *Wheeler,* 21 N. Y., 85; *Place* v. *The Butternuts, etc.,* 28 Bar., 503, upon this point cited and approved in 48 Bar., 523; *N. Y. & N. H. R. R. Co.* v. *Schuyler and others,* 28 How. Pr. Reports, 187; *Dimes, appellant,* v. *The Grand Junction Canal Co., respondents,* 3d House of Lords Cases, 759; *Schoonmaker* v. *Clearwater,* 41 Barb., 200, affirmed in 1st vol. Keyes, 310. under the title of *Chambers ex'r,* v. *Clearwater.*

*Parker & Countryman,* for the stockholders. The orders were absolutely void, for the reason that the justice was related, by affinity within the ninth degree, to several of the stockholders. (2 Revised Statutes, 275 [marg.], § 2; *Oakley* v. *Aspinwall,* 3 N. Y., 547, 551; *Edwards* v. *Russell,* 21 Wend., 64; *Schoonmaker* v. *Clearwater,* 41 Barb., 200, 203–206; *Chambers* v. *Clearwater,* 1 Abb. Ct. of App., Dec., 341, 345; *Rivenburgh* v. *Henness,* 4 Lans., 208; *Converse* v. *McArthur,* 17 Barb., 410; *Baldwin* v. *McArthur,* 17 id., 414; *Foot* v. *Morgan,* 1 Hill, 654; *Edwards* v. *Russell,* 21 Wend., 63; *Post* v. *Black,* 5 Denio, 66; *Jewett* v. *Albany City Bank,* Clark's Ch. R., 179.) This rule applies to all judicial officers in all judicial proceedings, in all courts, from the highest to the lowest. (*Oakley* v. *Aspinwall,* 3 N. Y., 547; *Edwards* v. *Russell,* 21 Wend., 63; *Baldwin* v. *McArthur,* 17 Barb., 415.) It is immaterial whether the legal proceeding results in an order or a judgment, if it involves a judicial act or decision. (*Converse & Baldwin* v. *McArthur,* 17 Barb., 410, 415; *Rivenburgh* v. *Henness,* 4 Lans., 208.)

MULLIN, P. J.:

The Dodge & Stevenson Manufacturing Company became insolvent, and it was dissolved, and its trustees assumed the care.

and management of its property, collected part of its assets, and, under an order of the Special Term, made dividends of the avails amongst the creditors.   After a time, the trustees, deeming it for the interest of all concerned, applied to the. court to be relieved from the further care of the property, and prayed the appointment of a receiver.

The trustees were discharged, and Martin S. Cuykendall was appointed receiver.   Not long after his appointment, the receiver presented to the court a statement of the assets and liabilities of the company, showing that the debts largely exceeded the assets, and alleging that, in order to meet the liabilities, an assessment of seventy-five per cent upon the amount of stock held by the stockholders was necessary, in order to meet the deficiency of the assets to pay the debts.   An order was granted permitting the receiver to assess the stockholders for seventy-five per cent of the stock held by them.   The assessment was made, and actions brought to recover the amount thereof.

It was claimed by the stockholders that the order for the assessment was made without an opportunity being given to the stockholders to be heard; and that the assessment of seventy-five per cent was much larger than was necessary to pay the debts, after applying thereto the assets.   It was also claimed that the receiver was influenced by improper motives, in obtaining the leave to assess and in enforcing the collection thereof.

A motion was made to set aside the assessment, and proceedings under it, upon the grounds aforesaid, and upon the further ground that the judge, who granted the several orders above mentioned was related to several of the stockholders of said company within the ninth degree, and that he was rendered incompetent to entertain the proceedings by 2 R. S., 275.

Pending this motion, the receiver resigned.   The motion was denied, the resignation of the receiver was accepted, and a referee appointed to appoint another in his place, and to ascertain and report whether the assessment was for too large a percentage. From this order some of the stockholders appeal.

My conclusions are:   First.   That the relationship of the judge, who directed the assessment, to certain of the stockholders, did not render his action absolutely void; but it is voidable, and being

conceded, we are bound to set aside his orders made after the dissolution of the corporation.

· Second. That after the dissolution, the stockholders were the parties directly interested in the property of the company, and they are parties to the proceedings, so as to entitle them to object to the competency of the judge.

The counsel for the respondent insists that the courts are bound to give to the section of the statute a strict construction, and to sustain the action of the court, unless the person to whom the judge is said to be related is technically a party to the action. I cannot agree with the counsel. The object of the statute is to protect suitors against the influence that relationship is apt to have upon human action. So far from giving the statute a strict or literal construction, it should, in my opinion, be liberally construed, so as to fully protect suitors as far as it can practically be done.

A judge may not, and in very many cases is not, made aware, by the announcement of the title of a case, that he, or his wife, is related to one or more of them; and it may be impossible, without seriously interfering with the business of his court, to ascertain whether he is disqualified to act by reason of relationship; and a party cognizant of the disqualification may omit to suggest it, until the result of the action is ascertained, and then he may raise the objection, if he is beaten; or he may continue to conceal it, if he has succeeded.

While the action of Justice Dwight has led to criticism of his legal powers to make the orders hereinbefore referred to, yet all parties agree in conceding the entire purity, as well of his motives as of his action. I am of the opinion the order of the Special Term should be reversed, and the motion made at Special Term granted, without costs to either party.

Present — Mullin, P. J., Smith and Talcott, JJ.

Ordered accordingly.